FILED
CLERK, U.S. DISTRICT COURT

MAR 12 2010

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM BASIL HENRY, | Case No. CV 10-01467 PSG (AN) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS PETITION BY PERSON IN STATE CUSTODY |
| v. | |
| KELLY HARRINGTON, Warden, | |
| Respondent. | |

## I. SUMMARY

On February 26, 2010, petitioner Ibrahim Basil Henry ("Petitioner"), a state prisoner proceeding in *pro se,* filed his pending petition for a writ of habeas corpus by a person in state custody ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). For the reasons discussed below, the Petition is dismissed without prejudice because Petitioner's direct appeal from his underlying conviction and sentence is still pending before the California Supreme Court and has not yet become final on direct review.

///

///

## II. DISCUSSION

### A. Standard of Review

#### 1. Habeas Rules

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners. *See* Rules Governing Section 2254 Cases in the United States District Courts[, 28 foll. U.S.C. § 2254 ("Habeas Rules")]." *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct. 2566, 2569 (2005). In *Felix*, the Supreme Court held Rule 4 of the Habeas Rules requires a district court to dismiss a petition without ordering a responsive pleading where the face of the petition shows the petitioner is not entitled to relief in district court. *Felix*, 545 U.S. at 656. Local Rule 72-3.2 of this Court also authorizes a magistrate judge to prepare proposed order for summary dismissal and proposed judgment for district judge if it plainly appears from the face of petition that petitioner is not entitled to relief.

#### 2. § 2254

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 110 Stat. 1214 (1996), this Court may only entertain a state prisoner's application for federal habeas relief on the ground that the prisoner's custody violates the Constitution or law or treaties of the United States. § 2254(a). Federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)-(2). The key to triggering § 2254's deferential standard is a previous "adjudicat[ion] on the merits in State court proceedings."

#### 3. Federal Exhaustion Doctrine

As explained by the United States Supreme Court:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the

State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (quoting *Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese,* 541 U.S. 27, 29, 124 S. Ct. 1347 (2004); *see* § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *Carter v. Giubino,* 385 F.3d 1194, 1196 (9th Cir. 2004) ("[b]efore seeking federal habeas relief, a state prisoner must fairly present all of his claims to the highest state court....").

A petition with unexhausted claims that are still pending before the state courts on direct or collateral review is also subject to dismissal because the exhaustion doctrine requires federal courts to give state courts the first opportunity to examine the lawfulness of a state prisoner's confinement and, "[i]f the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." *See Sherwood v. Tomkins,* 716 F.2d 632, 633-34 (9th Cir. 1983) (state remedies not exhausted where direct appeal is still pending) and *Schnepp v. Oregon,* 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies not exhausted if a state post-conviction proceeding is pending). The rule applies even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in the pending state action; this is because the action may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. *Sherwood,* 716 F.2d at 634.

///

**B.     Analysis of the Petition**

The face of the Petition shows it is directed at Petitioner's current state custody arising from his 2008 burglary/stalking conviction and related prison sentence that he sustained following a jury trial in the California Superior Court for Los Angeles County (case no. VA-070922). (Pet. at 2.) On January 21, 2010, the California Court of Appeal, Second Appellate District, Division One, affirmed Petitioner's 2008 conviction and sentence in a reasoned decision. (*People v. Henry*, no. B210998, unpub. op. (Cal. Ct. App. Dist. 2/Div. 1).[1] (Pet. at 2-3.) The face of the Petition establishes Petitioner has also filed a petition for review with the California Supreme Court that purports to raise six claims attacking his 2008 conviction and sentence but Petitioner states the case number and date of decision are "unknown." (Pet. at 3.) However, the Court takes judicial notice that the records of the California appellate courts plainly establish that Petitioner recently filed a petition for review with the state high court on February 23, 2010, which is still pending. *People v. Henry*, no. S179806 (Cal. Sup. Ct.)

Based upon the foregoing, the Court finds it lacks jurisdiction to consider the Petition and that it must be dismissed as an unexhausted petition since the state high court has not yet adjudicated any of the claims on the merits on direct review or collateral review. *See* 28 U.S.C. § 2254(c); *Sherwood*, 716 F.2d at 634; *Schnepp*, 333 F.2d at 288. Further, in the event the state high court grants Petitioner relief on one or more of his claims, Petitioner's need for federal habeas relief would become moot, and this Court's need and jurisdiction to consider his pending Petition would also be eliminated.

///
///
///

---

[1] Federal courts may take judicial notice of relevant state court records in federal habeas proceedings. *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

## III. CONCLUSION

For the reasons discussed above, the reference to the Magistrate Judge is vacated and the Petition is dismissed without prejudice.

DATED:  March 12, 2010

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:


  /s/  Arthur Nakazato
_____
Arthur Nakazato
United States Magistrate Judge